O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STEVEN ALLEN,                          )   Case No. CV 11-2807-OP
                                       )
                    Plaintiff,         )
                                       )
          v.                           )   MEMORANDUM OPINION; ORDER
                                       )
MICHAEL J. ASTRUE,                     )
Commissioner of Social Security,       )
                                       )
                    Defendant.         )
_____)

     The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /

/ / /

/ / /

_____

     [1]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action.  (ECF Nos. 7, 9.)

     [2]  As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties.  In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).  (ECF No. 6 at 3.)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I.**

**DISPUTED ISSUE**

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

1.   Whether the Administrative Law Judge ("ALJ") presented a complete hypothetical question to the vocational expert ("VE");

2.   Whether the ALJ gave sufficient consideration to the disability finding by the Veterans' Administration ("VA"); and

3.   Whether the ALJ gave sufficient consideration to the opinions of Plaintiff's treating physician.

(JS at 5.)

**II.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson, 402 U.S. at 401 (citation omitted).  The Court must review the record as a whole and consider adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.  Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

2

1
2

**III.**

**DISCUSSION**

3   **A.    The ALJ's Findings.**

4       The ALJ found that Plaintiff has the following severe combination of
5   impairments:  degenerative disc disease of the cervical and lumbar spines with
6   chronic strains, a history of right shoulder impingement syndrome with surgery,
7   and a depressive disorder.  (AR at 19.)

8       The ALJ further found that Plaintiff had the residual functional capacity
9   ("RFC") to perform light work that does not involve forceful pushing or pulling
10  with the right dominant upper extremity or more than simple, repetitive tasks.  (Id.
11  at 20.)  Relying on the testimony of the VE, the ALJ found that Plaintiff could
12  perform his past relevant work as a file clerk (Dictionary of Occupational Titles
13  ("DOT") No.  206.387-034), in addition to alternative work as a general cashier
14  (DOT No. 211.462-010) and an assembler (DOT No. 706.684-022).  (AR at 24-
15  26.)

16  **B.    Hypothetical Question.**

17      Plaintiff complains that the ALJ did not present the VE with a complete
18  hypothetical question reflecting all of Plaintiff's proven impairments.
19  Specifically, Plaintiff complains that the ALJ's RFC assessment includes a finding
20  that Plaintiff is limited to simple, repetitive tasks, but that the ALJ did not include
21  such a limitation in her hypothetical question to the VE.  (JS at 5-6, 8-9.)

22      At the hearing before the ALJ, the ALJ questioned the VE as follows:

23          Q . . . If we had a hypothetical of this gentleman's age, education,
24      past work history, if he were limited to light work; no forceful push/pull
25      activities; with a right-dominant upper extremity and let's see here, say
26      he had mild to moderate limitations in terms of his ability,
27      concentration, persistence, and pace; and moderate defined as limited
28

3

1    but not precluding work activity.   Would those kind of limitations
2    preclude the past jobs?

3              A  I would say the driving definitely would be out, even though
4    it's mild to moderate, since you're operating a vehicle, and that, there
5    would be a hazard in that.   The substance abuse counselor, you're
6    dealing with others, other people's lives, and if there was again, a mild
7    to moderate limitation, could not perform that job.  However, on the file
8    clerk, even though it's semi-skilled, it's pretty routine, so I would say
9    probably would be able to perform the file clerk.

10   (AR at 826-27.)  The VE further concluded that Plaintiff would be able to perform
11   alternative work as a general cashier (DOT No. 211.462-010) and assembler (DOT
12   No. 706.684-022).  However, the VE's consideration of those jobs focused more
13   on Plaintiff's physical limitations, including a need for a sit/stand option, rather
14   than specifically discussing Plaintiff's mental impairments.  (Id. at 828-30.)

15             In Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1173 (9th Cir. 2008), an
16   examining physician opined that the plaintiff was "'moderately limited' in her
17   ability to 'perform at a consistent pace without an unreasonable number and length
18   of rest periods' and 'mildly limited' in several other mental functioning areas."
19   Similarly, a state agency reviewing physician opined that the plaintiff had "'a slow
20   pace, both in thinking [and] actions' and several moderate limitations in other
21   mental areas."  Id.  Although the examining physician did not assess plaintiff's
22   ability to perform work, the state agency physician "concluded [that plaintiff]
23   retained the ability to 'carry out simple tasks as evidenced by her ability to do
24   housework, shopping, work on hobbies, cooking and reading.'"  Id.  Accordingly,
25   in assessing the plaintiff's RFC, the ALJ translated the plaintiff's condition "into
26   the only concrete restrictions available to him," the state agency physician's
27   recommended restriction to "simple tasks."  Id. at 1174.  Because the ALJ's

28

4

assessment was consistent with the medical testimony, the Ninth Circuit held that the ALJ's RFC assessment and hypothetical, both of which included a restriction to simple tasks, adequately captured plaintiff's deficiencies in concentration, persistence, and pace. Id. at 1174-75.

Ultimately, Stubbs-Danielson indicates that limitations in the areas of concentration, persistence, and pace may adequately be addressed by a limitation to simple tasks. Presumably, the reverse may also be true so that a limitation to simple tasks would be adequately captured by a hypothetical including limitations of concentration, persistence, and pace. Nevertheless, there remain some ambiguities on the facts of Plaintiff's case. For example, the VE found that Plaintiff could perform his past work as a file clerk, despite the fact that the job of file clerk was semi-skilled. The VE so concluded based on his opinion that the file clerk position was "pretty routine." (AR at 827.) It is unclear whether the VE would conclude that Plaintiff could perform "pretty routine" work had he specifically been on notice that Plaintiff was limited to simple, repetitive tasks.

The Court need not decide definitively whether the ALJ's hypothetical properly conveyed a limitation to simple, repetitive tasks, however. As discussed below, this action must be remanded so that the ALJ can further consider the disability determination made by the VA and the opinions of Plaintiff's treating physician. On remand, the ALJ is directed to obtain less ambiguous testimony from a VE regarding the effect of Plaintiff's limitations including, as applicable, his limitation to simple, repetitive work.

## C.   VA's Disability Determination.

Plaintiff argues that the ALJ failed to give sufficient reasons for rejecting the disability determination made by the VA. (JS at 9-11, 13.) The Court agrees.

On February 13, 2007, the VA issued a decision finding Plaintiff disabled and therefore eligible for a nonservice-connected pension. This decision was

based on the same impairments Plaintiff has alleged as a basis for his Social Security application. (AR at 91-95.) On review of the original ALJ determination in this matter, the Appeals Council remanded the action to the ALJ to consider, among other things, the VA's disability determination. (Id. at 123.) On remand, the ALJ dismissed the disability determination by simply stating that "the undersigned is not bound by the rating decision regarding the claimant's impairments from the Department of Veterans Affairs dated February 13, 2007." (Id. at 21.)

In McCarty v. Massanari, 298 F.3d 1072 (9th Cir. 2002), the Ninth Circuit considered for the first time the extent to which an ALJ must consider a disability determination by the VA. The Ninth Circuit held as follows:

> We agree with all the other circuits that have considered the question and hold that although a VA rating of disability does not necessarily compel the SSA to reach an identical result, the ALJ must consider the VA's finding in reaching his decision. . . .
>
> We agree with the approach of the Fourth, Fifth, and Eleventh Circuits and hold that in an SSD case an ALJ must ordinarily give great weight to a VA determination of disability. We so conclude because of the marked similarity between these two federal disability programs. Both programs serve the same governmental purpose–providing benefits to those unable to work because of a serious disability. Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims. Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims. Both are administered by the federal

government, and they share a common incentive to weed out meritless claims. The VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework. Because the VA and SSA criteria for determining disability are not identical, however, the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record.

Id. at 1076 (citations omitted).

Here, the ALJ did not give any reasons for rejecting the VA determination. The ALJ stated simply that she was not bound by that disability finding. This is not a persuasive, specific, and valid reason for rejecting the VA's finding of disability. Accordingly, remand is required for the ALJ to set forth legally sufficient reasons for rejecting the determination of the VA, if the ALJ again determines rejection is warranted.[3]

**D.    Treating Physician.**

In his final claim, Plaintiff argues that the ALJ did not give sufficient reasons for rejecting the opinions of treating physician, Kyle H. Landauer. (JS at 13-15, 18.) The Court agrees.

As detailed by the ALJ, Dr. Landauer made the following findings:

Dealing first with the claimant's physical problems, he has consistently complained of pain in his neck (radiating to the right upper extremity, with numbness and tingling), low back, and right shoulder. . . . Dr. Landauer noted limited ranges of motion in all of the affected areas, and diagnosed strains of the cervical spine, lumbar spine, and right shoulder. . . . The claimant underwent arthroscopic surgery for these conditions in February 2005. He also underwent cervical facet

_____

[3]  The Court expresses no view on the merits.

injections in March 2006 and June 2006 to which he had a good response. In a "Permanent and Stationary Report" dated September 19, 2006 Dr. Landauer concluded that the claimant could not perform his past work as a chauffeur.   He found (under California workers compensation guidelines) that the claimant had lost approximately 75% of his pre-injury capacity for use of the cervical spine in performing bending, stooping, lifting, pushing, pulling, climbing, and other activities requiring comparable effort.   Dr. Landauer also felt that the claimant was precluded (in regards to his lumbar spine) from heavy lifting, repetitive bending or stooping, and more than 2 hours of continuous sitting, walking or standing.   He additionally opined that the claimant (with regards to his shoulders) should not perform any prolonged or repetitive or forceful pushing and pulling, or performing any overhead or above shoulder level work.

(AR at 21 (citations omitted).)   The ALJ then considered Plaintiff's testimony at the January 22, 2010, hearing that "his physical condition ha[d] significantly improved for the past 18 months to the degree that he feels he can return to work full-time.   The recent progress notes from the VA facility fully support this contention."   (Id. at 24.)   On this basis, the ALJ rejected the findings of Dr. Landauer "as it is inconsistent with the claimant's own description of his physical abilities and daily functioning."   (Id.)

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).   "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability."   Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).   The weight given a treating physician's opinion depends on

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

whether it is supported by sufficient medical data and is consistent with other evidence in the record. <u>See</u> 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. <u>Lester v. Chater</u>, 81 F.3d 821, 830 (9th Cir. 1995); <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. <u>Thomas v. Barnhart</u>, 278 F.3d 947, 957 (9th Cir. 2002); <u>Magallanes</u>, 881 F.2d at 751; <u>Winans v. Bowen</u>, 853 F.2d 643, 647 (9th Cir. 1987). The Ninth Circuit also has held that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." <u>Thomas</u>, 278 F.3d at 957; <u>see also</u> <u>Matney ex rel. Matney v. Sullivan</u>, 981 F.2d 1016, 1019 (9th Cir. 1992).

The ALJ's reason for rejecting Dr. Landauer's opinions might be legitimate with respect to any medical conclusions offered during the 18 months prior to the January 2010 hearing, as this is the period during which Plaintiff reported improvement. However, the ALJ's reasoning offers no insight into why Dr. Landauer's opinions prior to that period should be rejected. Significantly, it appears that Dr. Landauer ceased his treatment of Plaintiff after his September 19, 2006, Permanent and Stationary Report and thus would not have had the opportunity to consider Plaintiff's later improvements in offering his medical opinion. (AR at 377-422.)

The ALJ erred in failing to provide legally sufficient reasons for discounting Dr. Landauer's opinions. Accordingly, remand is required for the ALJ to set forth legally sufficient reasons for rejecting the treating physician's opinion, if the ALJ

9

again determines rejection is warranted.[4]

## IV.

## **ORDER**

Pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED THAT Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion.


Dated: January 23, 2012

HONORABLE OSWALD PARADA
United States Magistrate Judge

[4] The Court expresses no view on the merits.

10